UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAC ADVISORY GROUP, LLC, et al.,<br><br>Petitioners,<br><br>v.<br><br>KAZVO NANYA,<br><br>Respondent. | Case No. 22-cv-04327-JSC<br><br>**ORDER DENYING MOTION FOR A TEMPORARY RESTRAINING ORDER AND ORDERING PETITIONERS TO SHOW CAUSE**<br><br>Re: Dkt. No. 25 |

Petitioners SAC Advisory Group, LLC, Fortune Film Fund I, LLC, Fortune Film Fund II, LLC, Jeffrey Spiegel, Ryan Spiegel and Spiegel Accountancy Corporation filed a petition to compel individual arbitration against Kazvo Nanya. Shortly after the petition was filed, Petitioners filed a motion to compel arbitration seeking an order that the arbitration only proceed on an individual rather than class-wide basis, and a month later, the now pending motion for a temporary restraining order (TRO) seeking the same relief. (Dkt. Nos. 10, 25.) After carefully considering the arguments and briefing submitted, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), DENIES the motion for a temporary restraining order and ORDERS Petitioners to SHOW CAUSE as to how this Court has subject matter jurisdiction over their petition to compel arbitration.

**BACKGROUND**

Mr. Nanya was one of several investors in a series of funds operated by Petitioners. Pursuant to an arbitration clause in the parties' operating agreement, Mr. Nanya initiated arbitration proceedings through the American Arbitration Association against Petitioners on an individual and class basis. (Dkt. No. 10-5 at ¶ 6.) Another investor, Jocelyn Carter, who likewise invested money through Petitioners, previously filed a civil case against Petitioners alleging

1   claims for securities fraud, negligent misrepresentation, and unjust enrichment arising out of the
2   same factual predicate. *See Carter v. Spiegel*, No. 21-3990, Dkt. No. 1 (N.D. Cal. May 26, 2021).
3   The court there granted Petitioners' motion to compel arbitration of Ms. Carter's claims based on
4   the same arbitration agreement at issue here. *See Carter v. Spiegel*, No. 21-CV-03990-TSH, 2022
5   WL 126303 (N.D. Cal. Jan. 13, 2022).  In doing so, the court found that Ms. Carter could only
6   proceed on her claims on an individual, not class basis because the arbitration agreement was
7   silent as to class actions. *Id*. at *4 (citing *Lamps Plus, Inc. v. Varela*, ––– U.S. –––, 139 S. Ct.
8   1407 (2019); *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp*., 559 U.S. 662, (2010)).

Six months after that order, the same counsel who represented Ms. Carter filed the at-issue arbitration claim with the American Arbitration Association on behalf of Mr. Nanya on an individual and class basis. (Dkt. No. 10-5 at 4.)  Two weeks later, Petitioners filed this petition to compel arbitration seeking an order that Ms. Nanya's arbitration claim proceed on an individual basis only.  Petitioners thereafter filed a motion to compel arbitration, and after an arbitrator was appointed on August 31, 2022, the now pending TRO.  (Dkt. Nos. 10, 25.)

## DISCUSSION

The standard for issuing a TRO is identical to the standard for a preliminary injunction. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co*., 240 F.3d 832, 839 n.7 (9th Cir. 2001). A court considers four factors before granting preliminary relief: (1) whether the applicant is likely to succeed on the merits of the action; (2) whether the applicant is likely to suffer irreparable harm in the absence of preliminary relief; (3) whether the balance of the equities tip in the applicant's favor; and (4) that an injunction is in the public interest. *Doe v. Reed*, 586 F.3d 671, 676 (9th Cir. 2009) (quoting *Winter v. Natural Res. Def. Council, Inc*., 555 U.S. 7, 20 (2008)).  A TRO is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

Petitioners contend that a TRO is necessary to avoid irreparable injury and to put an end to "the gamesmanship of Respondent Nanya's counsel." (Dkt. No. 25 at 7.)  Petitioners' motion fails to meet the standard for a TRO.  Petitioners concede in the very same paragraph alleging irreparable injury that "[t]he recently-appointed AAA Arbitrator would almost certainly rule that

2

1 Respondent's claim *cannot* proceed on a *class* basis." (*Id.*) That is, Petitioners maintain that the
2 arbitrator can and will grant them the same relief they seek from this Court and therefore
3 themselves undermine any contention "that irreparable injury is likely in the absence of an
4 injunction." *Winter*, 555 U.S. at 22 (emphasis original). An adequate showing of irreparable harm
5 is the "single most important prerequisite for the issuance of a [TRO]." *Universal Semiconductor,*
6 *Inc. v. Tuoi Vo*, No. 5:16-CV-04778-EJD, 2016 WL 9211685, at *2 (N.D. Cal. Nov. 29, 2016)
7 (quoting *Freedom Holdings, Inc. v. Spitzer*, 408 F.3d 112, 114 (2d Cir. 2005)). A TRO ordered on
8 anything less is "inconsistent" with the "characterization of injunctive relief as an extraordinary
9 remedy...." *Winter*, 555 U.S. at 22. Because Petitioners have not made an adequate showing of
10 irreparable injury, the extraordinary remedy of a TRO is improper.

11 In addition, upon review of the petition to compel arbitration, the Court has concerns
12 regarding its subject matter jurisdiction over this matter. While Petitioners argue that this Court is
13 authorized to compel arbitration under the Federal Arbitration Act, 9 U.S.C. § 4, this is not the
14 relief Petitioners seek. The parties' dispute is already proceeding in arbitration—a proceeding
15 which was initiated by Mr. Nanya. Petitioners instead seek an order directing the arbitrator to
16 only hear Mr. Nanya's individual arbitration claim and not any claims he brings on behalf of the
17 class. Thus, the petition does not on its face fall within 9 U.S.C. § 4.

18 Further, even if Petitioners were seeking an order compelling arbitration under Section 4,
19 the "court must have what we have called an independent jurisdictional basis to resolve the
20 matter." *Badgerow v. Walters*, 142 S. Ct. 1310, 1314 (2022) (cleaned up). Section 4 of the FAA
21 "instructs a federal court to look through the petition to the underlying substantive controversy
22 between the parties—even though that controversy is not before the court. If the underlying
23 dispute falls within the court's jurisdiction—for example, by presenting a federal question—then
24 the court may rule on the petition to compel." *Id.* (cleaned up). Here, the petition to compel
25 arbitration does not set forth an independent basis for federal jurisdiction nor have Petitioners
26 invoked a basis for the Court's subject matter jurisdiction in response to Mr. Nanya's opposition
27 brief raising this issue. (Dkt. Nos. 17, 24.)

28 Accordingly, Petitioners are ORDERED TO SHOW CAUSE as to how this Court has

subject matter jurisdiction over this petition.  Petitioners shall file a written response to this Order by September 19, 2022.

**IT IS SO ORDERED.**

Dated: September 12, 2022

_____
JACQUELINE SCOTT CORLEY
United States District Judge