UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAC ADVISORY GROUP, LLC, et al., <br><br> Petitioners, <br><br> v. <br><br> KAZVO NANYA, <br><br> Respondent. | Case No. 22-cv-04327-JSC <br><br> **ORDER DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISIDCTION** <br><br> Re: Dkt. Nos. 27, 28 |

Petitioners SAC Advisory Group, LLC, Fortune Film Fund I, LLC, Fortune Film Fund II, LLC, Jeffrey Spiegel, Ryan Spiegel and Spiegel Accountancy Corporation filed a petition to compel individual arbitration against Kazvo Nanya. Shortly after the petition was filed, Petitioners filed a motion to compel arbitration seeking an order that the arbitration only proceed on an individual rather than class-wide basis, and a month later, a motion for a temporary restraining order (TRO) seeking the same relief. (Dkt. Nos. 10, 25.) The Court denied the motion for a TRO and issued an Order to Show Cause as to how it had subject matter jurisdiction over this action. (Dkt. No. 27.) Having reviewed Petitioners' response and the relevant legal authority, the Court concludes that it does not have subject matter jurisdiction over this action and DISMISSES the petition to compel arbitration.

**BACKGROUND**

Mr. Nanya was one of several investors in a series of funds operated by Petitioners. Pursuant to an arbitration clause in the parties' operating agreement, Mr. Nanya initiated arbitration proceedings through the American Arbitration Association against Petitioners on an individual and class basis. (Dkt. No. 10-5 at ¶ 6.) Another investor, Jocelyn Carter, who likewise invested money through Petitioners, previously filed a civil case against Petitioners alleging

1  claims for securities fraud, negligent misrepresentation, and unjust enrichment arising out of the

2  same factual predicate. *See Carter v. Spiegel*, No. 21-3990, Dkt. No. 1 (N.D. Cal. May 26, 2021).

3        The court there granted Petitioners' motion to compel arbitration of Ms. Carter's claims

4  based on the same arbitration agreement at issue here. *See Carter v. Spiegel*, No. 21-CV-03990-

5  TSH, 2022 WL 126303 (N.D. Cal. Jan. 13, 2022). In doing so, the court found that Ms. Carter

6  could only proceed on her claims on an individual, not class basis because the arbitration

7  agreement was silent as to class actions. *Id*. at *4 (citing *Lamps Plus, Inc. v. Varela*, ⸺ U.S. ⸺

8  ⸺, 139 S. Ct. 1407 (2019); *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp*., 559 U.S. 662, (2010)).

9        Six months after that order, the same counsel who represented Ms. Carter filed the at-issue

10  arbitration claim with the American Arbitration Association on behalf of Mr. Nanya on an

11  individual and class basis. (Dkt. No. 10-5 at 4.) Two weeks later, Petitioners filed this petition to

12  compel arbitration seeking an order that Ms. Nanya's arbitration claim proceed on an individual

13  basis only. Petitioners thereafter filed a motion to compel arbitration, and after an arbitrator was

14  appointed on August 31, 2022, a TRO which the Court denied. (Dkt. Nos. 10, 25, 27.)

15  **DISCUSSION**

16        Under the Federal Arbitration Act (FAA), 9 U.S.C. § 1 et seq., a party to an arbitration

17  agreement can petition a federal court for various types of relief. *See Badgerow v. Walters*, 142 S.

18  Ct. 1310, 1314 (2022).  For example, under Section 4, "a party may ask the court to compel an

19  arbitration proceeding, as the agreement contemplates. And under Sections 9 and 10, a party may

20  apply to the court to confirm, or alternatively to vacate, an arbitral award." *Id*.  However, "[t]he

21  Act's authorization of a petition does not itself create jurisdiction. Rather, the federal court must

22  have what we have called an 'independent jurisdictional basis' to resolve the matter." *Id*. (quoting

23  *Hall Street Associates, L. L. C. v. Mattel, Inc*., 552 U.S. 576, 582 (2008)).

24        Because Petitioners had not identified an independent basis for federal jurisdiction, the

25  Court ordered Petitioners to show cause as to how it had jurisdiction over their petition.  In

26  response, Petitioners argue that the Court has "ancillary" jurisdiction over the petition because

27  Respondent and his counsel are "in clear violation of the Order issued by this Court in the related

28  *Carter* matter."  (Dkt. No. 28 at 2, 4.)  This is not how ancillary jurisdiction works.

United States District Court
Northern District of California

"The 'doctrine of ancillary jurisdiction ... recognizes federal courts' jurisdiction over some matters (otherwise beyond their competence) that are incidental to other matters properly before them.'" *K.C. ex rel. Erica C. v. Torlakson*, 762 F.3d 963, 966 (9th Cir. 2014) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994)). "Ancillary jurisdiction may rest on one of two bases: (1) to permit disposition by a single court of factually interdependent claims, and (2) to enable a court to vindicate its authority and effectuate its decrees." *In re Valdez Fisheries Dev. Ass'n, Inc.*, 439 F.3d 545, 549 (9th Cir. 2006) (internal citation omitted). "Ancillary jurisdiction may extend to claims having a factual and logical dependence on the primary lawsuit, but that primary lawsuit must contain an independent basis for federal jurisdiction. The court must have jurisdiction over a case or controversy before it may assert jurisdiction over ancillary claims." *Peacock v. Thomas*, 516 U.S. 349, 355 (1996) (cleaned up).

Here, Petitioners appear to argue that because the court in the *Carter* action had subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. §1332(d), this Court likewise has subject matter jurisdiction to enforce an order entered in the *Carter* action against a different plaintiff. Not so. Petitioners bring a petition to compel arbitration—not a motion in the *Carter* action requesting relief with respect to that court's order. Petitioners must have an independent basis for *this* Court's subject matter jurisdiction over *this* petition to compel arbitration. Petitioners have not identified any independent basis for this Court's jurisdiction.

Accordingly, the Court finds that subject matter jurisdiction is lacking and dismisses this action.

The Clerk shall close the action.

**IT IS SO ORDERED.**

Dated: September 30, 2022

JACQUELINE SCOTT CORLEY
United States District Judge